**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FRANCISCO CASILLAS,

Defendant - Appellant.

No. 12-50350

D.C. No. 3:11-cr-04519-L-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, Senior District Judge, Presiding

Argued and Submitted August 6, 2013
Pasadena, California

Before: SILVERMAN and WARDLAW, Circuit Judges, and CEDARBAUM,
Senior District Judge.[**]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Miriam Goldman Cedarbaum, Senior District Judge
for the U.S. District Court for the Southern District of New York, sitting by
designation.

Francisco Casillas appeals his conviction for importing marijuana in violation of 21 U.S.C. §§ 952, 960. We have jurisdiction pursuant to 28 U.S.C. § 1291 and now reverse and remand for a new trial.

Casillas argues that the district court should have suppressed his post-arrest statements because the interrogating ICE agents continued questioning him after he unambiguously invoked his right to remain silent multiple times; the agents failed to adequately advise him of his *Miranda* rights; he did not knowingly, intelligently, and voluntarily waive his *Miranda* rights; and his confession was not voluntary.

Without reaching any of the claimed *Miranda* violations, we conclude that Casillas's confession was not voluntary under our clear precedent. *Brown v. Horell*, 644 F.3d 969, 979 (9th Cir. 2011). Right after Casillas signed the *Miranda* waiver form, Officer David Sanchez told him: "Because if you don't want to cooperate, you don't want to talk, you don't want— no, well, they're going to say, 'This man doesn't have— is not sorry about anything. Throw the— the— the— the book at him.' Right?" We have repeatedly found that a threat of harsher treatment renders any subsequent confession involuntary. *United States v. Harrison*, 34 F.3d 886, 890-92 (9th Cir. 1994); *Collazo v. Estelle*, 940 F.2d 411, 416-22 (9th Cir. 1991) (en banc); *United States v. Tingle*, 658 F.2d 1332, 1335-37 (9th Cir. 1981). In *Harrison*, we held a confession was involuntary where an agent

had informed the suspect that she might be facing up to 20 years in prison and threatened that he would inform the judge that she refused to cooperate. 34 F.3d at 890. We stated that "there are *no* circumstances in which law enforcement officers may suggest that a suspect's exercise of the right to remain silent may result in harsher treatment by a court or prosecutor." *Id*. at 891-92.

Casillas's statement was an integral part of the government's case. Its use cannot be deemed harmless, and the government does not contend otherwise.

**REVERSED and REMANDED**.